UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Theresa Slusser, et al.'s Subpoena Served on Stephen G. Schwarz, Esq.<br><br>SLUSSER, *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>SOLVAY SPECIALTY POLYMERS, USA, LLC, *et al.*,<br><br>            Defendants. | Civil Action No.: 1:20-cv-11393<br><br>Hon. Noel L. Hillman, U.S.D.J.<br>Hon. Ann Marie Donio, U.S.M.J. |

**EIDP, INC. (F/K/A E. I. du PONT de NEMOURS AND COMPANY), THE CHEMOURS COMPANY, AND THE CHEMOURS COMPANY FC, LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO QUASH THE SUBPOENA SERVED ON STEPHEN G. SCHWARZ, ESQ.**

i

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

STATEMENT OF RELEVANT FACTS ........................................................................... 1

ARGUMENT ...................................................................................................................... 5

1.     EIDP/CC Have Standing to Move to Quash this Subpoena Because They Have a Proprietary Interest in the Subpoenaed Material ................................................... 5

2.     The Subpoena Seeks Production of Documents in Violation of the Agreement Between EIDP/CC and Plaintiffs ............................................................................ 6

3.     The Subpoena Seeks Production of Materials Protected by Protective Orders in Other Litigation ........................................................................................................ 7

4.     The Subpoena Seeks Duplicative and Unduly Burdensome Discovery with Respect to Michael Siegel, as EIDP/CC has Already Directed Plaintiffs to Un-Redacted, Publicly Available Copies of Each ...................................................................................... 8

5.     The Subpoena Seeks Production of Irrelevant Materials with Respect to Experts Hickner, Seigel, and Grandjean ............................................................................... 9

6.     The Subpoena Seeks Production of Documents at a Location Forbidden by the Federal Rules ........................................................................................................... 10

CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dubin & Dubin LLP v. Mayorga*,
   2013 WL 3989550 (W.D.N.Y. Aug. 2, 2013) ........................................................................8, 9

*Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*,
   No. 03 Civ. 5560(RMB)(HBP), 2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008) ..........................8

*Libaire v. Kaplan*,
   760 F. Supp. 2d 288 (E.D.N.Y.2011) ........................................................................................8

*Matosich v. Wright Med. Grp., Inc.*,
   2020 WL 2216864 (D. Mont. May 7, 2020)..............................................................................9

*Nestle Foods Corp. v. Aetna Cas. Sur. Co.*,
   135 F.R.D. 101 (D.N.J. 1990)....................................................................................................9

*Sea Tow Int'l, Inc. v. Pontin*,
   246 F.R.D. 421 (E.D.N.Y. 2007) ...............................................................................................8

*Strike 3 Holdings, LLC v. Doe*,
   2023 WL 4407497 (W.D.N.Y. June 20, 2023)......................................................................8, 9

*United States v. Humphrey*,
   2011 WL 2532998 (W.D.N.Y. June 24, 2011).........................................................................5

**Rules**

Fed. R. Civ. P. 26(b)(1)....................................................................................................................9

FRCP 45(c)(2)(A) ..........................................................................................................................10

FRCP 45(c)(3)(A) ............................................................................................................................8

FRCP 45(c)(3)(B)(1).........................................................................................................................7

FRCP 45(d)(3)(A)(ii)......................................................................................................................10

## INTRODUCTION

EIDP, Inc., The Chemours Company, The Chemours Company FC, LLC (collectively "EIDP/CC") and the Plaintiffs in a group of cases[1] pending in the District of New Jersey reached an agreement during discovery on the scope of expert reports and deposition transcripts from other litigation that EIDP/CC would produce to the Plaintiffs in un-redacted form.  Plaintiffs then reneged on that agreement, and demanded that EIDP/CC produce additional expert reports and transcripts.  When EIDP/CC reminded Plaintiffs of their agreement, Plaintiffs issued a Subpoena on Stephen Schwarz, Esq., Plaintiffs' counsel in the Hoosick Falls PFOA cases ("Hoosick Falls") which were pending in the Northern District of New York, in an attempt to circumvent the agreement.  EIDP/CC rightfully objects to this Subpoena on this basis, and because it seeks materials that are covered by protective orders, irrelevant, duplicative, not proportionate to the needs of Plaintiffs' case, and unduly burdensome to produce.  This Court should quash this Subpoena on these bases.

## STATEMENT OF RELEVANT FACTS

In an October 4, 2022 letter, Plaintiffs in the Group 2a Matters requested that EIDP/CC produce expert reports, testimony, and/or depositions addressing the health hazards associated with exposures to PFOA and PFNA—two chemicals at issue in the Group 2 cases.  *See* Morrissey

---

[1] The following cases are pending before Judge Noel Hillman and Magistrate Judge Ann Marie Donio:  *Kimberly Bond, et al. v. Solvay Specialty Polymers, USA, LLC, et al.*, Civ. No.: 1:20-cv-08487-NLH-AMD; *Theresa Slusser, et al. v. Solvay Specialty Polymers, USA, LLC, et al.*, Civ. No.: 1:20-cv-11393-NLH-AMD; *Tammy O'Leary, et al. v. Solvay Specialty Polymers, USA, LLC, et al.*, Civ. No.: 1:21-cv-00217-NLH-AMD; *Carly Corrar, et al. v. Solvay Specialty Polymers, USA, LLC, et al.*, Civ. No.: 1:21-cv-00452-NLH-AMD; *Shirley Bond v. Solvay Specialty Polymers, USA, LLC, et al.*, Civ. No.: 1:21-cv-11203-NLH-AMD; *Nicole Bond v. Solvay Specialty Polymers, USA, LLC, et al.*, Civ. No.: 1:21-cv-20755-NLH-AMD; and *K. Bond, et al. v. Solvay Specialty Polymers, USA, LLC, et al.*, Civ. No.: 1:22-cv-01115-NLH-AMD (the "Group 2a Matters").

Affidavit, Ex. A. Upon conferring with EIDP/CC, Plaintiffs clarified the request in a January 5, 2023 email as seeking:

> expert reports and expert depositions that satisfy (read conjunctively) the following three criteria: (1) the matter involves an allegation of PFOA and/or PFNA exposure; and (2) the matter involves a plaintiff who claims to suffer from one or more of the illnesses alleged by Plaintiffs in these matters; and (3) the expert's report discusses, read disjunctively, (a) general causation; (b) state of the art; (c) punitive damages; (d) toxicology; (e) epidemiology; and/or the (f) fate and transport of PFOA and/or PFNA.

*See* Morrissey Affidavit, Ex. B.

EIDP/CC objected to producing expert reports and deposition transcripts from other litigation in a January 24, 2023 letter to the Court on many bases, including that: 1) Plaintiffs' request for the reports and deposition transcripts was not relevant, and it was overbroad and disproportionate to the needs of this case; 2) Plaintiffs' request impermissibly sought to "piggyback" expert discovery in dissimilar prior litigation; 3) Plaintiffs' request was premature as it sought expert discovery from EIDP/CC before the close of fact discovery and before Plaintiffs had produced any expert support for their claims; 4) Plaintiffs had not met their burden of establishing that their request for cloned discovery from different litigation is discoverable by a "substantial similarity" or any other standard; and (5) reports from other litigation are not admissible for any purposes in these cases. *See* Morrissey Affidavit, Ex. C.

On February 23, 2023 the Court instructed EIDP/CC to provide a list of all expert reports and deposition transcripts requested by Plaintiffs, further narrowed by a list of alleged diseases relevant to the litigation. *See* Morrissey Affidavit, Ex. D at pp. 22-26; and Morrissey Affidavit, Ex. E at ¶ 2. On March 29, 2023, EIDP/CC produced this list to Plaintiffs and to the Court which

referenced 133 reports, and 62 corresponding deposition transcripts. *See* Morrissey Affidavit, Ex. F. EIDP/CC later directed Plaintiffs to publicly filed versions of 102 of those reports, and 55 of the deposition transcripts. *See* Morrissey Affidavit, Ex. G. The Court instructed Plaintiffs and EIDP/CC to continue to meet and confer on the remaining expert reports and transcripts, but did not order EIDP/CC to produce any of the expert reports. *See* Morrissey Affidavit, Ex. H at pp. 30-34.

During a verbal conferral on the remaining reports and transcripts, Plaintiffs agreed to forgo their request for additional expert reports and other transcripts from other litigations, if EIDP/CC produced an un-redacted version of expert James Smith's report. This agreement was memorialized in series of emails on October 9, 2023. Specifically, counsel for EIDP/CC stated, in part, "…Just waiting for you [Plaintiffs"] to confirm in writing per our conferral that this [production of the un-redacted Smith report] resolves all disputes related to Plaintiff's request for expert reports and testimony produced in other litigations." *See* Morrissey Affidavit, Ex. I. Plaintiffs' counsel responded, in part, "Plaintiffs will waive requests to DuPont and Chemours for other expert reports and depositions of the experts we requested previously." *Id.* Consistent with the parties agreement, on October 12, 2023 EIDP/CC produced an un-redacted version of the James Smith report. *See* Morrissey Affidavit, Ex. J.

Despite the parties' agreement, on October 23, 2023, Plaintiffs demanded that EIDP/CC produce an expert report written by Michael Hickner from an unrelated case in Hoosick Falls, NY. *See* Morrissey Affidavit, Ex. K. Mr. Hickner's reports and deposition transcripts had always been subject to Plaintiffs' ongoing requests for expert reports and deposition transcripts, which dated back to October 2022, and the report was included in multiple listings prepared by EIDP/CC of expert reports responsive to Plaintiffs' requests. *See*, *e.g.*, Morrissey Affidavit Exs. A, B, E, F, G.

EIDP/CC repeatedly reminded Plaintiffs of the agreement reached on expert reports. *See*, *e.g.*, Morrissey Affidavit, Ex. K. Despite subsequent emails and a conferral on October 25, 2023, Plaintiffs have refused to comply with the agreement and continue to request Mr. Hickner's expert report. *See*, *e.g.*, Morrissey Affidavit, Exs. K, L.

On November 29, 2023, Plaintiffs served the subject Subpoena on Stephen Schwarz, Esq. at 1882 South Winton Road, Suite 1, Rochester, NY 14618. *See* Morrissey Affidavit, Exs. M, N. The Subpoena calls for Mr. Schwarz to produce:

> Any and all: (1) Reports, writings or depositions of Michael Hickner re: DuPont or 3M; (2) Reports, writings or depositions of Michael Seigel, MD re DuPont and 3M; and (3) Reports, writings or depositions of Phillipe Grandjean re DuPont or 3M.

*Id*. The documents were to be produced on December 10, 2023 at the offices of Phillips & Paolicelli, LLP, 747 3rd Avenue, Suite 6, New York, NY 10017. *Id*. Like Mr. Hickner, Michael Seigel's reports and transcripts had always been subject to Plaintiffs' ongoing requests, and were included in EIDP/CC's listings provided to Plaintiffs. *See*, *e.g.*, Morrissey Affidavit Exs. A, B, E, F, G. On the other hand, Phillipe Grandjean has never been included in the listings EIDP/CC sent to Plaintiffs in response to their requests. Regardless, Plaintiffs never advised EIDP/CC that they were seeking reports and deposition transcripts from either Messrs. Seigel or Grandjean before serving this Subpoena, and EIDP/CC's follow up inquires on both have gone ignored by Plaintiffs.

On December 8, 2023, EIDP/CC informed Plaintiffs and Mr. Schwarz of its objections to the Subpoena and requested that Mr. Schwarz not produce anything until the objection is resolved. *See* Morrissey Affidavit, Ex. O.

4

The parties raised this issue to Judge Donio at a hearing on December 15, 2023. The Court instructed the parties to continue to meet and confer regarding the expert reports and transcripts in an attempt to resolve it without the need for motion practice. *See* Morrissey Affidavit, Exs. P at pp. 13-23, Q at ¶ 2. The parties conferred again on January 4, 2024, but could not resolve their disagreement over whether the Schwarz subpoena is proper. *See* Morrissey Affidavit at ¶ 3.

EIDP/CC now brings this Motion.

## ARGUMENT

1. **EIDP/CC Have Standing to Move to Quash this Subpoena Because They Have a Proprietary Interest in the Subpoenaed Material**

A party has standing if the motion to quash is based on "a claim of privilege or a proprietary interest in the subpoenaed material." *United States v. Humphrey*, 2011 WL 2532998, at *1 (W.D.N.Y. June 24, 2011) (quoting *United States v. Reyes*, 1995 WL 412576, at *2–*3 (S.D.N.Y. July 12, 1995).

The present Subpoena calls for the production of certain expert reports and deposition transcripts from three experts (Michael Hickner, Michael Seigel, MD, and Phillipe Grandjean) who purportedly acted as experts for plaintiffs in other PFAS litigation which involved EIDP/CC but is unrelated to the actions at issue here. As for Hickner and Seigel, their reports cite and/or discuss documents that have been marked confidential or highly confidential per the protective orders entered in the Hoosick Falls cases. *See,* e.g.*,* Morrissey Affidavit, Exs. R, S for Protective Order and Standing Order applying it to all Hoosick Falls Cases. Thus, EIDP/CC has a proprietary interested in the subpoenaed material and has standing to bring this motion to quash.

2. **The Subpoena Seeks Production of Documents in Violation of the Agreement Between EIDP/CC and Plaintiffs**

After EIDP/CC had directed Plaintiffs to over one hundred publicly available expert reports and deposition transcripts from other litigation in response to Plaintiffs' request, Plaintiffs continued to demand the remaining reports and transcripts, and some of the previously provided reports in un-redacted form. EIDP/CC maintained its objections outlined in its January 24, 2023 Letter, including that the reports were irrelevant, and an improper attempt to piggyback on expert discovery from unrelated litigation. Nonetheless, EIDP/CC negotiated in good faith to resolve the dispute without Court intervention. It is undisputed that an agreement was reached during these conferrals (and memorialized in writing) that Plaintiffs would forgo and waive all requests for expert reports and deposition transcripts from other litigation if EIDP/CC would produce an un-redacted version of the James Smith Report. *See* Morrissey Affidavit, Ex. I. EIDP/CC made such production shortly thereafter.

A mere two weeks later, Plaintiffs violated that agreement when they asked for the Michael Hickner report (to be clear they have never asked EIDP/CC for the other two reports in the Subpoena). In response, EIDP/CC reminded Plaintiffs of the parties' agreement. However, Plaintiffs have refused to acknowledge that the parties had reached an agreement in good faith regarding the production of additional expert reports from prior litigations, and are attempting to circumvent that agreement with the issuance of the subject Subpoena. Plaintiffs seem to believe that this Subpoena does not violate the agreement between the parties because they are not asking EIDP/CC for the documents, but instead subpoenaing them from a third party. But this ignores the fact that Plaintiffs have always been aware that EIDP/CC has legitimate bases to object to the Subpoena, including that it calls for the production of confidential EIDP/CC information covered by protective orders. At a minimum, it violates the spirit of the agreement. There is functionally

6

no difference as to whether Plaintiffs ask EIDP/CC directly for the documents, or attempt to Subpoena them from a third party over EIDP/CC's objections, and both violate the parties' agreement.

   3. **The Subpoena Seeks Production of Materials Protected by Protective Orders in Other Litigation**

To protect a person affected by a subpoena, Rule 45 permits a court to quash a subpoena if it requires "(i) disclosing a trade secret or other confidential research, development, or commercial information." FRCP 45(c)(3)(B)(1).

Michael Hickner's expert report was submitted in multiple matters against EIDP/CC in the Northern District of New York. These matters are governed by an Amended Stipulated Protective Order of Confidentiality, which dictates that information may be marked "Confidential" if it contains trade secret or other confidential research, development, or commercial information and "Highly Confidential – Attorney's Eyes Only Information" if disclosure of such information the producing party could reasonably believe could result in commercial, financial or business injury. *See* ("Protective Order"), Morrissey Affidavit, Ex. R at Sections I.A-I.B. The Protective Order dictates that material marked as such may not be shared with counsel for plaintiffs in a separate litigation, as is the case here with the present Subpoena. *Id.* at Section II.

The Hickner report cites and characterizes EIDP produced documents that have been marked "Confidential" and "Highly Confidential – Attorney's Eyes Only Information." Thus, consistent with the terms of the Protective Order, the report cannot be shared with Plaintiffs in response to the Subpoena. Indeed, Plaintiffs explained to the Court in the District of New Jersey that Mr. Hickner himself would not provide the report to Plaintiffs' counsel because it contained confidential information. *See* Morrissey Affidavit, Ex. T at p. 5. Accordingly, EIDP has a clear

7

basis for objecting to the Subpoena with respect to the Hickner report and transcript based on the terms of the Protective Order governing the report and transcript.[2] The Court should likewise quash the Subpoena on this basis.

4. **The Subpoena Seeks Duplicative and Unduly Burdensome Discovery with Respect to Michael Siegel, as EIDP/CC has Already Directed Plaintiffs to Un-Redacted, Publicly Available Copies of Each**

"On timely motion, the issuing court must quash or modify a subpoena that: . . . (iv) subjects a person to undue burden." FRCP 45(c)(3)(A). "[T]he burden of persuasion in a motion to quash a subpoena ... is borne by the movant." *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) (citation omitted); *see also Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560(RMB)(HBP), 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) ("[T]he party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome."). *Strike 3 Holdings, LLC v. Doe*, 2023 WL 4407497, at *2 (W.D.N.Y. June 20, 2023). As for relevance and burden, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." *Libaire v. Kaplan,* 760 F. Supp. 2d 288, 291 (E.D.N.Y.2011) (editorial marks, internal quotation marks, and citations omitted). *Dubin & Dubin LLP v. Mayorga*, 2013 WL 3989550, at *3 (W.D.N.Y. Aug. 2, 2013).

---

[2] The Siegel report and transcript filed in Southern District of Ohio matters are also confidential and subject to protective orders, but the report and transcript are available on the public docket. EIDP/CC does not know which Grandjean report(s) Plaintiffs seek.

On March 29, 2023, EIDP/CC sent Plaintiffs a chart of all expert reports and deposition transcripts from other litigation that met their requested criteria. This chart contained public docket citations for the report and deposition transcript for Mr. Siegel. Review of the report and transcript reveals no redactions. *See* Morrissey Affidavit, Exs. U, V. As Plaintiffs already have access to Mr. Siegel's report and deposition transcript in un-redacted form, this request is duplicative and thus also unduly burdensome. Plaintiffs have also never met their obligation to confer about the Siegel report (or Grandjean) given EIDP/CC's questioning of Mr. Siegel (and Grandjean) after receiving the Subpoena has gone unanswered and ignored. Plaintiff's request is thus moot and the Court should likewise quash the Subpoena on this basis.

5. **The Subpoena Seeks Production of Irrelevant Materials with Respect to Experts Hickner, Seigel, and Grandjean**

As recognized by this Court in *Strike 3 Holdings* and *Dubin & Dubin,* the Court must quash a subpoena that subjects a person to undue burden. Whether materials sought are relevant is a threshold issue as to whether or not there is undue burden. *See Strike 3 Holdings,* 2023 WL 4407497, at *2; *Dubin & Dubin,* 2013 WL 3989550, at *3.

The materials sought here are expert reports and deposition transcripts from other unrelated litigation against EIDP in other jurisdictions. Plaintiffs are not entitled to such discovery.

In the District of New Jersey, where the Group 2 Matters are venued, Plaintiffs must demonstrate that the demanded expert reports and testimony, based on facts from other cases, are relevant to their claims in the Group 2 Matters (alleging PFOA and/or PFNA exposure from the Chambers Works facility). Fed. R. Civ. P. 26(b)(1); *Nestle Foods Corp. v. Aetna Cas. Sur. Co.*, 135 F.R.D. 101, 105 (D.N.J. 1990). To make this determination, federal courts throughout the country have looked for "a showing of substantial similarity between the prior and current actions."

9

*See*, *e.g.*, *Matosich v. Wright Med. Grp., Inc.*, 2020 WL 2216864, at *5 (D. Mont. May 7, 2020) quoting *Costa v. Wright Medical Technology, Inc.*, 2019 WL 108884, at *1 (D. Mass. Jan. 4, 2019).

Here, Plaintiffs' cannot demonstrate that there is a substantial similarity between the Group 2 Matters and the other litigations, which would warrant production of these reports. The Subpoena fails this test because Plaintiffs have no basis for arguing that expert reports involving facilities (including one in Hoosick Falls that is unrelated to EIDP/CC) hundreds of miles from the plant at issue in the Group 2 Matters involves substantially similar issues. EIDP/CC had never included any Grandjean report or transcript on its responses to Plaintiffs' requests, and thus any such purported report is also likewise irrelevant.

6. **The Subpoena Seeks Production of Documents at a Location Forbidden by the Federal Rules**

FRCP 45 dictates that a subpoena may command production of a document at a place within "100 miles of where the person resides, is employed, or regularly transacts business in person." FRCP 45(c)(2)(A). The Rule further dictates that the court ***must*** quash or modify a subpoena if it "requires a person to comply beyond the geographical limits specified in Rule 45(c)." FRCP 45(d)(3)(A)(ii).

The Subpoena in question calls for production of documents in New York, NY. Mr. Schwarz is an attorney based out of Rochester, NY. Rochester, NY is approximately 250 miles from New York, NY, far in exceedance of the statutory 100 mile limitation. Thus, the Court must quash the Subpoena on this basis alone.

### CONCLUSION

For the foregoing reasons, EIDP/CC requests that the Court grant EIDP/CC's Motion to Quash the Subpoena Served on Stephen G. Schwarz, Esq. in full.

ME1 47434553v.1

Dated: January 23, 2024

Respectfully submitted,

By: /s/ Alison Morrissey

Alison Morrissey, Esq.
Ryan Richman, Esq.
David Schlier, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 639-2044
Facsimile: (973) 297-3810
amorrissey@mccarter.com
rrichman@mccarter.com
dschlier@mccarter.com

*Attorneys for EIDP, Inc. (f/k/a E. I. du Pont de Nemours and Company), The Chemours Company, and The Chemours Company FC, LLC*

11

ME1 47434553v.1